UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC YOUNG,

    Plaintiff,

v.                                Case No. 11-12780

CITY OF HIGHLAND PARK, et al.,

    Defendants.
                                     /

**OPINION AND ORDER DENYING MOTION TO DISMISS
BUT DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE**

Before the court is a motion to dismiss for failure to state a claim, filed under Federal Rule of Civil Procedure 12(b)(6) by Defendants City of Highland Park, Darrel Becken, N. Mondelli, G. Contreras, and H. Smith. Having considered the briefs, the court finds a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' motion. However, the court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and will dismiss them without prejudice.

**I. BACKGROUND**

In this action filed under 42 U.S.C. § 1983, Plaintiff Eric Young brings claims against Defendants for violating his constitutional right to be free from excessive force, as well as for various state law torts. Plaintiff alleges that on July 4, 2009, he was approached by Defendants and asked for his identification. (Compl. ¶ 12.) According to Plaintiff, after he provided his driver's license to Defendants, one of the Defendants forcefully grabbed Plaintiff by his shoulder and threw him onto the hood of the patrol car

without any justification whatsoever. (*Id.* ¶ 13.) Plaintiff states that one of the Defendants then forcefully grabbed Plaintiff by the back of his shirt and violently threw him to the ground. (*Id.* ¶ 14.) Despite the fact that Plaintiff purportedly "begged Defendants to stop hurting him, Defendants continued to grab and twist Plaintiff's arms which caused further injuries to Plaintiff." (*Id.* ¶ 15.)

Defendants subsequently issued Plaintiff a traffic citation and left the scene. (*Id.* ¶ 16.) The complaint further states that an eyewitness called an ambulance and Plaintiff was subsequently transported to Henry Ford Hospital to be treated for his injuries. (*Id.* ¶ 17.) Plaintiff alleges that "[a] a result of Defendants' illegal and excessive actions, Plaintiff suffered injuries and damages." (*Id.* ¶ 18.)

Plaintiff's complaint asserts four counts against Defendants. Count I is asserted against the individual Defendants under 42 U.S.C. § 1983, and alleges excessive force in violation of the Fourth Amendment. Count II is asserted against the City of Highland Park, and alleges municipal liability for a failure to train and for its customs and policies which permitted the violation Plaintiff's constitutional rights. Count III and IV are state law claims asserted against the individual Defendants for assault and battery and gross negligence.

## II. STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). In doing so, "the court must draw all reasonable inferences in favor of the

2

plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 466 (6th Cir. 2000)). Although a heightened fact pleading of specifics is not required, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Twombly* held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." 550 U.S. at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.*

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a

claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted). Despite these requirements, a court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations. *Twombly*, 550 U.S. at 556.

### III. DISCUSSION

Defendants ask the court to dismiss this action because Plaintiff's complaint purportedly fails to state a claim. Defendants' primarily argue that Plaintiff's complaint does not allege sufficient facts to clear the hurdle developed in *Twombly* and *Iqbal*. The court disagrees. However, the court will decline to exercise supplemental jurisdiction over the state law claims, and will dismiss them without prejudice.

#### A. Count I: Excessive Force

Defendants first attack Plaintiff's Count I, asserting a claim for excessive force under 42 U.S.C. § 1983. To prevail on a claim brought under 42 U.S.C. § 1983, Plaintiffs must prove that Defendants acted "under color of law" and that their conduct deprived Plaintiff of a clearly established right, privilege, or immunity secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003); *Toms v. Taft*, 338 F.3d 519, 524 (6th Cir. 2003)*; Ahlers v. Schebil,* 188 F.3d 365, 370 (6th Cir. 1999).

Defendants argue that Plaintiff's complaint does not adequately set forth facts to state a plausible excessive force claim against the individual Defendants because Plaintiff does not specifically identify which Defendant committed the alleged force and, further, because Plaintiff's allegations are too conclusory.

Under *Twombly*, the court assumes the facts recited in the complaint are true, "construe[s] the complaint in the light most favorable to plaintiff," and determines whether a plaintiff has stated a plausible claim. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal quotation marks and citations omitted). Paragraphs 13 and 14 of Plaintiff's complaint do not specifically identify a Defendant, however, paragraph 15 states that although Plaintiff"begged Defendants to stop hurting him, Defendants continued to grab and twist Plaintiff's arms which caused further injuries to Plaintiff." (*Id.* ¶ 15.) If believed, this allegation plausibly gives rise to an excessive force claim against Defendants, in the plural form. The sole constitutional standard for evaluating claims of excessive force during the course of an arrest is the reasonableness criterion of the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386, 395 (1989) (setting forth standard for determining excessive force claims). Plaintiff's complaint thus meets the *Twombly* standard.[1] Accordingly, the court must deny Defendants' motion as to the excessive force claim and allow the case to proceed to discovery.

### B. Count II: Municipal Liability

Municipal governments and their agencies are liable under § 1983 for torts of constitutional dimension, with the limitation that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*,

---

[1]The court notes that the majority of the complaint appears to be focused on an unspecified Defendant in the singular form. The court advises Plaintiff's counsel to carefully consider their Rule 11 responsibilities. If discovery reveals that Plaintiff cannot sustain a claim against a Defendant, Plaintiff should immediately contact defense counsel to obtain a stipulation of dismissal against that Defendant.

436 U.S. 658, 691 (1978) (emphasis in original).  Therefore, municipalities are liable only if some "official policy" or custom is the "moving force" behind a harm.  *Id.* at 694.  In order to prove the policy or custom, "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

In Plaintiff's complaint, he alleges that City of Highland Park "permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights." (Compl. ¶ 27.)  Plaintiff lists those customs, practices, and policies as follows:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

   c. Failing to adequately supervise, review, and/or discipline police officers whom Defendant City of Highland Park knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct; and

   d. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

(*Id.* ¶ 28.)  Plaintiff further alleges that "Defendants' conduct was so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted" and that "Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries."  (*Id.* ¶¶ 29-30.)

Defendants argue that these allegations do not meet *Twombly's* requirements, but the court disagrees. While Plaintiff's Count II, like his Count I, is far from thorough, it sets forth the bare minimum necessary to meet the pleading requirements of the Federal Rules. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570. Here, Plaintiff's complaint has stated just enough to"to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." 550 U.S. at 556. Further discovery will flesh out additional details to support, or refute, this claim, but for purposes of Rule 8, Plaintiff's allegations are sufficient.

### C.  Counts III & IV: Plaintiff's State Law Claims

Counts III and IV are state law claims asserted against the individual Defendants for assault and battery and gross negligence. Plaintiff contends that these claims must be dismissed for lack of specificity, and for governmental immunity. The court will not reach these issues, however, because the court will decline to exercise supplemental jurisdiction over the state law claims.

As a preliminary matter, the court has original jurisdiction over Plaintiff's claims invoking § 1983. 28 U.S.C. § 1331. Because Plaintiff's state law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise its supplemental jurisdiction over the state law claims. The law has long held, however, that supplemental (formerly "pendent party") jurisdiction may be denied if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion"

would be strong without separation of the claims. 28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1968).

Plaintiff's state law claims do not have original jurisdiction in federal court. The inclusion of Plaintiff's state claims with Plaintiff's federal claims for infringement of his constitutional rights under 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome. Additionally, these claims would predominate over Plaintiff's § 1983 federal claims. Pursuant to 28 U.S.C. § 1367(c)(2), (4), the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claims. Having carefully reviewed the complaint, the court concludes that adjudicating the state law claims under supplemental jurisdiction is not in the interest of judicial economy, convenience, fairness, and comity. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998).

Litigation in federal court that mixes federal law claims with supplemental state law claims can cause procedural and substantive problems; in the interests of judicial economy and convenience, these problems should be avoided. Even where the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury, result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing party attorney fees. The apparent judicial economy and convenience to the parties of a court exercising supplemental jurisdiction over state claims may be substantially offset by problems simultaneously created.

The court finds that the circumstances present in this case create a likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome.  Although some duplication of effort may be required if Plaintiff decides to pursue all claims, any advantages to be gained by trying all claims together are outweighed by the potential for confusion of the issues, legal theories, and defenses.  The court will not exercise supplemental jurisdiction and will dismiss without prejudice all state law claims.

### IV.  CONCLUSION

For the reasons discussed above, IT IS ORDERED that Defendants' motion to dismiss [Dkt. # 5] is DENIED.

IT IS ORDERED that all of Plaintiff's state law claims including, without limitation, claims of assault and battery (Count III) and gross negligence (Count IV) are hereby DISMISSED WITHOUT PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-12780.Young.Dismiss.1983.chd.wpd