**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIC YOUNG,

    Plaintiff,

v.                                                 Case No. 11-12780

CITY OF HIGHLAND PARK, et al.,

    Defendants.

                                                      /

**ORDER DENYING DEFENDANTS' MOTION TO QUASH DEPOSITION**

The parties repeatedly attempted to schedule the deposition of Dr. Rahul Vaidya, but, at different times, Defendants, Plaintiff, and Dr. Vaidya each needed to re-schedule. Finally, on February 13, 2013, with a trial set to begin on March 4, Plaintiff, without consulting Defendants, scheduled the deposition for February 20. Defendants move to quash the deposition, and Plaintiff responds.

Federal Rule of Civil Procedure 30(b)(1) requires a party to provide each other party "reasonable written notice" of a deposition. The few days' notice Defendants received presses the limit of reasonableness, a limit that must stretch yet farther to accommodate Plaintiff's failure to consult with Defendants in advance. However, Defendants knew of Dr. Vaidya and of the continuing efforts to find an agreeable time for his deposition. Defendants had notice of, and time to prepare for, the specific deponent; the only issue, apparently, was fitting a deposition into Dr. Vaidya's busy schedule as the trial quickly approaches. The notice Defendants received was, under the circumstances, sufficiently reasonable—albeit barely so. Defendants ask that the

court, under its "inherent power," quash the deposition as "unfair," but they never explain what is "unfair" about a deposition that proceeds in accord with both Rule 30 and, so far as appears, the other pertinent rules of civil procedure. (Said another way, an assertion of "unfairness," without more, is not an argument.)

Defendants' counsel says that on February 20 he has a trial in state court. If neither he nor a colleague can attend the deposition, Defendants may submit post-deposition objections and may choose an additional time before trial to question Dr. Vaidya. If Dr. Vaidya's schedule prevents his providing supplemental testimony, Defendants may move to exclude the incomplete testimony or to receive other apt relief. Accordingly,

IT IS ORDERED that the motion to quash Dr. Vaidya's deposition [Dkt. # 53] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 19, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-12780.YOUNG.MotQuashDep.ckb.wpd